**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIM. NO. ELH-08-086** |
| | : | |
| | : | |
| **TROY SMITH** | : | |

...oOo...

**GOVERNMENT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
RULE 35 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The United States of America, by its undersigned counsel, hereby moves pursuant to Rule 35 of the Federal Rules of Criminal Procedure for a reduction of the sentence imposed in the above-referenced case upon the Defendant, Troy Smith ("Smith").   In support of this Motion, the government states as follows:

1. Smith pled guilty to racketeering conspiracy in violation of 18 U.S.C. § 1952(d). Smith received a sentence of 300 months imprisonment following a motion by the government for reduction of sentence pursuant to U.S.S.G. § 5K1.1.   Sentencing was on May 21, 2016.

2.   Subsequent to Smith's sentencing, the defendant provided information about a 2004 murder in Baltimore County, Maryland, in which the perpetrators had made statements to the defendant about the murder.   That information led Baltimore County authorities to charge four persons in connection with that murder.   Three of the County defendants entered pleas of guilty prior to trial.   A fourth defendant initially went to trial, and the defendant testified during that trial.   A copy of the defendant's trial testimony, in *State of Maryland v. Tyrone Campbell*, case number K-15-7125, is attached as Exhibit 1.   The defendant in that matter ultimately entered a guilty plea, but after the defendant in this case testified.

3.       The government's understanding from state authorities is that the defendant's

information was instrumental in bringing about the state indictment and in securing the convictions of the murder defendant in state court.   The underlying crime was a serious and violent one, and so the defendant's cooperation was very substantial.

4.   The government believes that Smith's post-sentencing cooperation and testimony warrants a reduction of his sentence to the equivalent of time served plus 5 years imprisonment (approximately 210 months imprisonment total).   That is the approximate equivalent of a 2-level downward departure from the defendant's current 300 month sentence.   The defendant may ask the Court for a lower sentence, but he will not seek a sentence of any less than time served plus 3 years.   The parties' intention is to bring about a sentence that is functionally equal to time served plus 3-5 years imprisonment.

5.   Rule 35(b) of the Federal Rules of Criminal Procedure permits a district court to reduce a defendant's sentence for "substantial assistance in investigating or prosecuting another person."   In this case, the defendant's cooperation became complete more than one year following his sentencing, because the state indictments and trial occurred more than one year after the defendant's federal sentencing.   Therefore, relief under Rule 35, at this juncture, is appropriate.

WHEREFORE, the government respectfully requests that the Court reduce the sentence imposed upon the Defendant, Troy Smith.   The government recommends a reduction from 300 months to time served plus 5 years imprisonment.

Respectfully Submitted,

Rod J. Rosenstein
United States Attorney


By: _____/s/_____
Michael C. Hanlon
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4895
Fax: (410) 962-3124

<u>Certificate of Service</u>

I hereby certify that on this 29th day of July 2016, a copy of the foregoing Motion for

Reduction of Sentence was sent by CM/ECF to:

Thomas Saunders, Esquire


_____/s/_____
Michael C. Hanlon